Upon the trial at CHOWAN, on the last circuit, before his Honor, JudgeNash, the plaintiff showed that there was such a record; whereupon the defendants produced a writ of venditioni exponas directed to "the sheriff of Tyrrell County," on which was an account of the sales of the property therein mentioned, purporting to have been made by "E. Mann, late sheriff," and a receipt given by Henry Alexander, who, it was admitted, was the real plaintiff, to E. Mann, "late sheriff," and expressed to be in full of the judgment; and the defendant contended that this was an acknowledgment of record of the satisfaction of the judgment; but it was insisted, on the other hand, that Alexander, the real plaintiff, could show that the receipt did not speak the truth, and that in fact the money had not been received by him, and he offered evidence to prove this. which was objected to by the defendant, but received by the court.
It appeared that executions had been regularly issued upon the (628) judgment in question up to the time when the writ of venditioni exponas was issued, and that the property mentioned in the latter writ had been levied upon by E. Mann, who was then sheriff, but who had gone out of office before the venditioni exponas issued. There was a verdict and judgment for the plaintiff, and the defendant appealed.
It was decided, in the case of Tarkington v. Alexander, 2 Dev. Bat., 87, that a former sheriff has no authority to act under a writ directed to his successor, and that acts purporting to done by him under such pretended authority are acts of usurpation. It seems to *Page 495 
us, therefore, very clear that the paper annexed to the writ of venditioniexponas, and purporting to be a return thereof by the late sheriff, was not in law a return, and of course not a part of the record in that suit. Nor, as it appears to us, was the receipt on the execution from Henry Alexander to E. Mann, the late sheriff, an acknowledgment of record by the plaintiff of satisfaction of the judgment. It does not appear of record that Alexander had an interest in or power over the judgment. The receipt does not purport to be a release to the defendants, nor an acknowledgment of satisfaction. It testifies to a transaction in pais between Alexander and Mann, that the latter has paid to the former the amount of the judgment. As against Alexander and the plaintiff, so far as it is shown that Alexander was authorized to act for the plaintiff, it is evidence of the fact, and therefore may be met by other testimony which explains or disproves that fact.
There was no error, therefore, as we think, in receiving such explanatory or repelling testimony, and the judgment below ought to be affirmed.
PER CURIAM. Judgment affirmed.